

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

October 20, 2020

**VIA CM/ECF ONLY**

Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007
PreskaNYSDChambers@nysd.uscourts.gov

      Re**:**    <u>Iris Hillel v. Obvio Health USA, Inc. *et al.*</u>
               Case No. 1:20-cv-04647-LAP (DCF)

Your Honor:

      We write on behalf of Defendants IQVIA Inc. ("IQVIA") and Prasanna Pitale, Alistair Grenfell, Dikla Shpangental, and Anand Tharmaratnam (the "Individual Defamation Defendants" and, collectively with IQVIA, the "IQVIA Defendants"), pursuant to Local Civil Rule 37.2. We write to request an informal conference for leave to file a motion to stay discovery, pending this Court's rulings on the IQVIA Defendants' two fully-briefed motions to dismiss filed on August 31, 2020, and fully submitted as of October 14, 2020.

      The IQVIA Defendants have moved, first, under Rule 12(b)(6), to dismiss all of Plaintiff's claims against them. Those claims—for defamation, defamation per se, and tortious interference with prospective economic relations—all arise from three statements, allegedly made about Plaintiff by foreign residents, while overseas, in connection with IQVIA's multi-million dollar investment in Plaintiff's then-employer, Obvio Health USA, Inc. and Obvio Health Pte. Ltd. (collectively, "Obvio"). Because the alleged defamatory statements were made in the context of what Plaintiff herself calls IQVIA's "significant collaboration" with Obvio, they are protected by the common interest privilege. Plaintiff has not—and cannot—overcome that privilege. Moreover, two of the three alleged defamatory statements also fall squarely within the type of protected expressions of opinion routinely deemed non-actionable. Finally, Plaintiff's tortious interference claim fails because it rests entirely on her unsuccessful defamation claims.

      Second, the Individual Defamation Defendants have moved under Rule 12(b)(2) to dismiss the Amended Complaint, as against them, because Plaintiff's allegations do not support the exercise of personal jurisdiction in New York over these foreign residents—whether under New York law or under the Due Process Clause of the United States. The Individual Defamation

1

Defendants do not transact business in New York, and none of Plaintiffs' claims connects any conduct by them to New York, particularly when the statements at issue are not alleged to have been made, or heard when made, in New York.

Under Federal Rule of Civil Procedure 26(c), this Court "has considerable discretion to stay discovery" upon a showing of good cause. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.,* No. 09 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (staying discovery pending determination of defendant's 12(b)(6) motion, because "a stay could avoid the need for costly and time-consuming discovery," without prejudicing plaintiff).

Good cause is particularly evident where, as here, a party has filed a dispositive motion, the stay is for a limited period of time, and the stay poses little risk of prejudice to the plaintiff. *See Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.,* No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (internal citations and quotations omitted) ("Good cause may be shown where a party has filed, or has sought leave to file, a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the order."). On a motion for a stay of discovery pending a dispositive motion, New York courts also consider the "strength" of the underlying motion, the "breadth of discovery sought," and the "burden of responding" to such discovery. *In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126 (ALC) (KNF), 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013) (internal citation omitted).

Here, the arguments for a stay are particularly compelling. The pending motions are dispositive and well-founded in the law. If granted, they would resolve the case against all, or at least some, of the IQVIA Defendants. Moreover, the duration of the stay would be limited only to the time required for this Court to decide the pending motions. *See Ellington Credit Fund, Ltd.*, 2008 WL 11510668, at *2 (internal citation and quotations omitted) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially or unduly delay the action, should it continue.").

Plaintiff will suffer no prejudice from such a short stay, particularly where there is no scheduling order yet, and discovery requests have not even been served. *See Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at *1 (finding no prejudice to the plaintiff where "no discovery requests had yet been served in this case" and the "stay requested by Defendant will likely delay the commencement of discovery for only a few months"); *Ellington Credit Fund, Ltd.*, 2008 WL 11510668, at *2 (granting motion to stay during the pendency of motions to dismiss under Rule 12(b)(1), 12(b)(2) and 12(b)(6) where (i) "there are pending, fully-briefed, potentially dispositive motions in this action"; (ii) "the proposed length of the stay is limited to the time required for the Court to decide the motions"; and (iii) "Plaintiffs have failed to show that they would be prejudiced by a stay of discovery"). *See also In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *7 ("defendants demonstrated good cause for staying discovery because: (a) their motion to dismiss has been filed and will be argued on May 17, 2013; (b) the stay is for a short period of time; and (c) the plaintiffs will not be unduly prejudiced by the stay").

Finally, notwithstanding the pendency of these dispositive motions, Plaintiff's counsel has made clear that Plaintiff intends to press for discovery (see attached email correspondence on October 5 and 6, 2020). Such discovery here would be time-consuming and particularly onerous

because the Individual Defamation Defendants are all located overseas, where the alleged statements were made. Imposition of that burden would also be unnecessary should this Court decide the motions in favor of the IQVIA Defendants. *See Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (staying discovery where pending motion did not "appear to be unfounded in the law" and "may obviate the need for burdensome discovery"); *Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery where "motion to dismiss based on lack of personal jurisdiction is potentially dispositive," the motion "appears to be not unfounded in law," and a stay "might avoid the need for costly and time-consuming discovery").

Of course, the IQVIA Defendants also already have litigation holds in place so that evidence will be preserved in the event this case proceeds. *See Ellington Credit Fund, Ltd.*, 2008 WL 11510668, at *2 (internal citation omitted) ("Plaintiffs have not disputed Defendants' representation to the Court that all of the documents in this matter are being preserved [so] it cannot be said that a limited stay of discovery will result in the destruction or loss of relevant evidence.").

Accordingly, the IQVIA Defendants respectfully request an informal conference for leave for the IQVIA Defendants to file a motion to stay discovery while the Court considers the pending 12(b)(6) and 12(b)(2) motions.

Pursuant to Your Honor's Individual Practices, Plaintiff is hereby on notice that she is required to submit a letter not to exceed three pages in length within three business days setting forth her position with respect to the anticipated motion.

Respectfully submitted,

*/s/ Kenneth Taber*

Kenneth W. Taber

cc:   All counsel of record (via CM/ECF)

(with attachment)