UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRIS HILLEL,<br><br>                    Plaintiff,<br><br>-against-<br><br>OBVIO HEALTH USA, INC., OBVIO HEALTH PTE. LTD., SPRIM AMERICAS, INC., IQVIA, INC., MICHAEL SHLEIFER, IVAN JARRY, PRASANNA PITALE, ALISTAIR GRENFELL, DIKLA SHPANGENTAL, and ANAND THARMARATNAM, in their individual and professional capacities,<br><br>                    Defendants. | No. 20-CV-4647 (LAP)<br><br>MEMORANDUM & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    On October 20, 2020, Defendants IQVIA Inc. ("IQVIA") and Prasanna Pitale, Alistair Grenfell, Dikla Shpangental, and Anand Tharmaratnam (the "Individual Defamation Defendants," and, collectively with IQVIA, the "IQVIA Defendants") filed a letter seeking a pre-motion conference.  (See dkt. no. 54).  That letter requested leave to file a motion to stay discovery pending this Court's resolution of the IQVIA Defendants' opposed motions to dismiss. (See dkt. nos. 31, 34).  Plaintiff Iris Hillel filed a letter in opposition, (see dkt. no 55), and the IQVIA Defendants filed a reply, (see dkt. no. 56).  Construing those pre-motion-conference letters as a motion to stay discovery, the motion to stay discovery is GRANTED.

1

I.  **Legal Standard**

"Upon a showing of good cause, a district court has considerable discretion to stay discovery pursuant to Rule 26(c)" of the Federal Rules of Civil Procedure. Delgado v. NJ Transit Rail Operations, Inc., 329 F.R.D. 506, 508 (S.D.N.Y. 2019) (cleaned up). "In some circumstances, a pending motion to dismiss may constitute 'good cause' for a protective order staying discovery." Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013). But "[t]he pendency of a dispositive motion is not, in itself, an automatic ground for a stay":  The stay-seeking party bears the "burden of showing good cause." Mirra v. Jordan, No. 15-CV-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016).

"A court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." Republic of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (brackets omitted). When evaluating good cause, courts "consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." Shulman v. Becker & Poliakoff, LLP, No. 17-CV-9330 (VM) (JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018). "Good cause may be shown where a

2

party has filed . . . a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the order." Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc., No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008).

## II. Discussion

On balance, those factors favor staying discovery in this case. The IQVIA Defendants' motions to dismiss are fully briefed, and discovery need only be stayed temporarily until those motions can be resolved.[1] If those motions are granted, that would undoubtedly obviate the need for some discovery related to the IQVIA Defendants.[2] The mere fact that the IQVIA

---

[1] See, e.g., Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A., No. 15 Civ. 0293 (LTS) (JCF), 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016) ("[T]he motion to dismiss is fully briefed, so any consequent stay is likely to be short-lived."); In re Term Commodities Cotton Futures Litig., No. 12 Civ. 5126 (ALC) (KNF), 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013) ("The Court finds that the defendants demonstrated good cause for staying discovery because: (a) their motion to dismiss has been filed and will be argued on May 17, 2013; (b) the stay is for a short period of time; and (c) the plaintiffs will not be unduly prejudiced by the stay."); Ellington Credit, 2008 WL 11510668, at *2 ("[T]he Court concludes that Defendants have shown good cause for their proposed stay of discovery. First, there are pending, fully-briefed, potentially dispositive motions in this action. Second, the proposed length of the stay is limited to the time required for the Court to decide the motions.").

[2] Compare Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (staying discovery "because the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery" and that motion did "not appear to be
(continued on following page)

Defendants' motions will not dispose of the entire case does not alter that calculus in a meaningful way.[3]

Additionally, Plaintiff concedes "that she will not suffer debilitating prejudice if this action is stayed." (Dkt. no. 55, at 3). The Court agrees, especially given that no scheduling order has been entered, and no discovery requests have yet been served.[4] Indeed, Plaintiff offers no "discussion of what particular strategic decisions"--never mind ones for which discovery is necessary--"need to be made prior to the decision on the motion[s] to dismiss." Mortg. Resol. Servicing, 2016 WL 3906712, at *7. Plaintiff's conclusory statement that "she will

---

(continued from previous page)
unfounded in the law"), with Brooks v. Macy's, Inc., No. 10 CIV 5304 (BSJ) (HBP), 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010) (refusing to stay all discovery where it was "probably inevitable" some of "the discovery will be conducted at some time and there d[id] not seem to be any valid reason why it should not be conducted now").

[3] See In re Currency Conversion Fee Antitrust Litig., No. MDL 1409, M21-95, 2002 WL 88278, at *2-3 (S.D.N.Y. Jan. 22, 2002) (ordering a stay of discovery "given the number of parties to this action and the substantial cost of discovery typical of antitrust cases of this magnitude," even though the movant did not show that the pending motion would "be dispositive of all claims alleged").

[4] See, e.g., Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc., No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (finding that plaintiff would not be prejudiced where "no discovery requests had yet been served" and a stay would "likely delay the commencement of discovery for only a few months").

suffer more prejudice than the IQVIA Defendants will" is unavailing.  (Dkt. no. 55, at 3).

Finally, any discovery requests related to the IQVIA Defendants would require cooperation from the Individual Defamation Defendants, all of whom are overseas and who have moved to dismiss for want of personal jurisdiction.  (See dkt. nos. 34-35).  Because that "motion to dismiss based on lack of personal jurisdiction is potentially dispositive" and "appears to be not unfounded in the law," a stay of discovery is appropriate.  Gandler v. Nazarov, No. 94 Civ. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994).

                    *   *   *   *   *

For the foregoing reasons, the IQVIA Defendants' motion to stay discovery [dkt. no. 54] is GRANTED.  Discovery is stayed, in all respects, pending resolution of the IQVIA Defendants' motions to dismiss [dkt. nos. 31, 34].

**SO ORDERED.**

Dated:     October 28, 2020
           New York, New York

                               */s/ Loretta A. Preska*
                               LORETTA A. PRESKA
                               Senior United States District Judge