UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IRIS HILLEL, | |
|---|---|
| Plaintiff, | No. 20 CV 4647 (LAP) |
| -against- | ORDER |
| OBVIO HEALTH USA, INC., et al., | |
| Defendants. | |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of Plaintiff's and Defendant IQVIA Inc.'s ("IQVIA") (collectively, the "parties") letter, dated May 5, 2022, regarding the parties' proposed discovery plans for the remaining defamation and tortious interference claims against IQVIA. (See dkt. no. 87.) IQVIA seeks to proceed with limited discovery, only regarding the threshold issue of "whether Anand Tharmaratnam told [ObvioHealth USA, Inc. and Obvio Health Pte. Ltd. (together, "Obvio")] that Hillel had been fired." (Id. at 3.) Upon completion of that limited discovery, IQVIA will move for summary judgment to dispose of all remaining claims against it. (Id. at 3-4.) Hillel opposes IQVIA's proposal, primarily arguing that "there is no circumstance in which the limited discovery proposed by IQVIA will permit it to make a meritorious motion for summary judgment, particularly absent full discovery." (Id. at 2.) The Court disagrees. For the reasons stated below, the Court finds good cause to conduct

1

phased discovery, proceeding initially with discovery only as to whether the alleged defamatory oral statement was made, i.e., whether Tharmaratnam told Obvio that Hillel had been fired.

Based on IQVIA's representations that discovery will confirm—via affidavits or deposition testimony from Tharmaratnam, Michael Shleifer, and Laurent Benissan—that the alleged defamatory statement was never made, the Court finds that there is a significant enough chance that Defendants will establish a <u>prima facie</u> showing of "no publication" under New York law and succeed on summary judgment to permit phased discovery. See <u>Grayson v. Ressler & Ressler</u>, 15-Civ-8740 (ER), 2018 WL 3611951, at *5 (S.D.N.Y. 2018) (citation omitted) (holding that a party may establish a prima facie showing of no publication under New York law "[w]hen a party submits 'affidavits from the only three persons present during the conversation, in which each unequivocally denies that the slanderous statement was made'"). The Court notes that this ruling is made without adjudicating any legal issue. As the parties note, the issue of whether the alleged defamatory statement was made turns on Shleifer's statement to Hillel and the admissibility of that statement. Accordingly, phased discovery is appropriate.

Counsel shall confer and inform the Court by letter no later than May 16, 2022, of a discovery plan for this discrete issue and a motion schedule.

**SO ORDERED.**

Dated:    May 9, 2022
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge