# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRIS HILLEL,<br><br>                Plaintiff,<br><br>v.<br><br>OBVIO HEALTH USA, INC., OBVIO HEALTH PTE. LTD., SPRIM AMERICAS INC., IQVIA, INC., MICHAEL SHLEIFER, IVAN JARRY. PRASANNA PITALE, ALISTAIR GRENFELL, DIKLA SHPANGENTAL, and ANAND THARMARATNAM, in their individual capacities,<br><br>                Defendants. | Civil Action No. 20-cv-4647 (LAP)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

      **WHEREAS,** the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      **IT IS HEREBY ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with pre-trial phase of this action:

## DEFINITIONS

      1.    The term "Discovery Material" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom produced by any Party or subpoenaed non-party to which it belongs.

      2.    The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material

that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean (a) outside counsel of record (including other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified herein: Pillsbury Winthrop Shaw Pittman LLP, Wigdor LLP, and Fisher & Phillips LLP; and (b) in-house counsel.

## GENERAL RULES

4. Each Party or subpoenaed non-party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order (hereinafter, the "Producing Party") may designate the same as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

> (a) **Designation as "CONFIDENTIAL"**: Any Producing Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such Producing Party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such designating party.
>
> (b) **Designation as "ATTORNEYS' EYES ONLY"**: Any Producing Party may designate information as "ATTORNEYS' EYES ONLY" only if, in the good faith belief of such Producing Party and its counsel, the information is among that considered to be highly sensitive by the

2

Case 1:20-cv-04647-LAP  Document 94  Filed 06/16/22  Page 3 of 10

designating party, including but not limited to research, technical, commercial, financial, or pricing information, medical records, legal records, or such other proprietary or sensitive business and commercial information that is not publicly available, disclosure of which could reasonably result in commercial, financial, or business harm.

5. If a Producing Party chooses to designate material "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," it must mark those documents provisionally with that designation to give the receiving party (hereinafter, the "Receiving Party") a reasonable opportunity to review and evaluate whether the Receiving Party agrees with the designation. If the Receiving Party has questions about and/or objections to any of the provisional designations it may proceed to address any such questions and/or objections according to the provision of Paragraph 12 hereof. In the absence of notice by the Receiving Party of questions about and/or objections to the designations "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the designation will be considered final for purposes of any use of such documents in the matter.

6. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" either by: (a) indicating on the record during the deposition that a question calls for "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Attorneys' Eyes Only Governed by Protective Order" as appropriate or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition transcript has concluded, of the specific pages and lines of the transcript that are to be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.

During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated CONFIDENTIAL.

7. If at any time before the trial of this action a Producing Party realizes that it should have designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate.

8. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9. Where a Producing Party has designated Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action (including their respective corporate parents, successors, and assigns), their policy holders, insurers, and counsel to their insurers;

    (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (e)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (f)    any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (g)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

    (h)    this Court, including any appellate court, its support personnel, and court reporters.

10.    Before disclosing any Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any person referred to in subparagraphs 7(c), 7(d), or 7(f) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11.    All Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose any Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", shall be filed under seal with the Clerk

5

of the Court in the manner provided by the Court's "Sealed Records Filing Instructions" (available on the Court's website) and by the Court's Individual Practices. The parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal. For any document filed under seal, (1) a redacted version of the document shall be filed on the public docket on the same day, and (2) a letter shall be filed on the public docket indicating what has been filed under seal.

12. If a Party objects to any designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at any time before the trial of this action, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the Producing Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for the objection. Counsel for the Producing Party shall respond in writing to such objection within 14 days and shall state with particularity the grounds for asserting that document or information confidentiality designation. Counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a confidentiality designation of a document or information cannot be resolved by agreement, the objecting party shall present the dispute to the Court initially by telephone or letter before filing a formal motion for an order regarding the challenged designation. The document or information that is subject of the filing shall be treated as originally designated pending the Court's resolution of the dispute.

13. Recipients of Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14. Nothing in this Order will prevent any Party from producing any Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. Each person who has access to Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Within 60 days of the final disposition of this action – including all appeals – all recipients of Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any

copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any such Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all discovery documents, pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"; any such archival copies remain subject to this Order.

17. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is produced or disclosed.

18. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

19. This Stipulated Confidentiality Agreement and Protective Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Stipulated Confidentiality Agreement and Protective Order other than the Parties to this action and the Court, and no other person shall acquire any right hereunder.

SO STIPULATED AND AGREED.

| **WIGDOR LLP** | **PILLSBURY WINTHROP SHAW PITTMAN LLP** | **FISHER & PHILLIPS LLP** |
|---|---|---|
| By: */s/ Michael J. Willemin*<br>Michael J. Willemin<br>Lindsay M. Goldrum<br>85 Fifth Avenue<br>New York, New York 10003<br>Tel: 212.257.6800<br>Fax: 212.257.6845<br><br>*Counsel to Iris Hillel* | By: */s/ Kenneth W. Taber*<br>Kenneth W. Taber<br>Maria T. Galeno<br>Stephanie M. Coughlan<br>31 West 52nd Street<br>New York, New York 10019<br>Tel: 212.858.1813<br>Fax: 212.858.1500<br><br>*Counsel to IQVIA Inc.* | By: */s/ Alba V. Aviles*<br>Alba V. Aviles<br>David E. Strand<br>430 Mountain Avenue<br>Murray Hill, New Jersey 07974<br>Tel: 732.560.7100<br>Fax: 732.560.0788<br><br>*Counsel to Obvio Health USA, Inc., Obvio Health Pte. Ltd., SPRIM Americas, Inc., Michael Shleifer, and Ivan Jarry* |

SO ORDERED.

_____
LORETTA A. PRESKA, U.S.D.J.

Dated: June 16, 2022

9

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRIS HILLEL,<br><br>                    Plaintiff,<br><br>v.<br><br>OBVIO HEALTH USA, INC., OBVIO HEALTH PTE. LTD., SPRIM AMERICAS INC., IQVIA, INC., MICHAEL SHLEIFER, IVAN JARRY. PRASANNA PITALE, ALISTAIR GRENFELL, DIKLA SHPANGENTAL, and ANAND THARMARATNAM, in their individual capacities,<br><br>                    Defendants. | Civil Action No. 20-cv-4647 (LAP)<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order in this action governing the non- disclosure of those portions of Discovery Material that have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." I agree that I will not disclose such Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Name: _____

Dated: _____